## CROY *v.* DAVID.

1. FRAUDULENT CONVEYANCES—BILL IN AID OF EXECUTION—JOINT PROPERTY—TRACING ASSETS.

   A consent decree against husband without mention of lien, following award by circuit court commissioner, acting as arbitrator in suit for dissolution of partnership and accounting, did not preclude circuit judge, in subsequent suit by bill in aid of execution against defendant husband and wife, from finding as a matter of fact that it was not shown any of the funds of the original partnership had gone into the acquisition of any of the defendants' jointly-owned property or property owned individually by the wife.

2. SAME—TRACING ASSETS—PARTNERSHIP—ACCOUNTING—BILL IN AID OF EXECUTION.

   Evidence presented in suit commenced by bill in aid of execution against defendant husband and wife, following consent decree against husband without mention of liens, that had been entered pursuant to award of circuit court commissioner as arbitrator in partnership dissolution and accounting suit, *held,* to support trial court's finding of fact that plaintiff had failed to trace partnership moneys to the property sought to be reached.

3. SAME—BILL IN AID OF EXECUTION—TRACING ASSETS—CLAIM OF THIRD PARTIES.

   It is necessary to trace partnership assets to specific assets sought to be reached by bill in aid of execution when bill is filed against assets in which a third person claims an interest.

Appeal from Ingham; Coash (Louis E.), J. Submitted October 16, 1959. (Docket No. 90, Calendar No. 47,624.) Decided November 25, 1959.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2, 3] 21 Am Jur, Executions § 696; 40 Am Jur, Partnership §§ 453, 455.

Bill in aid of execution by Clayton C. Croy against Donald L. David and Luella E. David to impress lien on property.   Bill   dismissed.   Plaintiff   appeals. Affirmed.

*John Brattin* (*John Seaman,* of counsel), for plaintiff.

*Hubbard, Fox, Thomas & Born* (*Donald G. Fox,* of counsel), for defendant Donald L. David.

*Glassen, Parr & Rhead* (*Roland F. Rhead,* of counsel), for defendant Luella E. David.

BLACK, J.   The only question in this case is whether plaintiff is entitled to an equitable lien to secure payment, by defendant Donald L. David, of a money judgment which was awarded plaintiff by decree in an earlier suit.

Mr. Croy and Mr. David were partners in the business of farming and hog raising.   Mr. Croy sued Mr. David for dissolution of the partnership and relief by way of an accounting.   The suit came to issue and, after lapse of some months, was concluded by a stipulation of the parties that the pleaded controversy be submitted to and determined by a circuit court commissioner, of Ingham county, as arbitrator. The stipulation appears in the margin.*

---

\* "It is hereby agreed and stipulated by and between the parties hereto, and their respective attorneys of record, that the above matter be, and the same hereby is, referred to Arthur Kramer, circuit court commissioner in and for the county of Ingham, for arbitration, and it is further agreed and stipulated that the said Arthur Kramer may, in his capacity as arbitrator, take into consideration all matters which he may deem relevant, and shall not be bound by the rules of evidence. It is further agreed and stipulated that the decision of the said Arthur Kramer as arbitrator as aforesaid shall be final, it being further stipulated that regardless of his decision, there shall be no appeal to the Ingham county circuit court therefrom, and it shall bind both parties equally and judgment may enter in the Ingham county circuit court for any amount which the said Arthur Kramer may find to be due from either party to the other."

The commissioner proceeded according to the stipulation and, under date of March 14, 1956, prepared and filed his "award." The relevant portion thereof reads as follows:

"That Donald L. David shall pay to Clayton C. Croy the sum of $4,350 with interest at the rate of 5% computed from the date of filing the within action provided however, that should said sum be paid within 30 days of the date of this award, then said interest shall be waived."

The "award" made no provision for a lien or other security in favor of Mr. Croy. Under date of November 5, 1956, it was effectuated by a consent decree signed and entered in the cause by the Honorable Louis E. Coash, circuit judge of the Ingham circuit. The decree, so far as material here, adjudged that Mr. David was indebted to Mr. Croy in the sum of $4,350, plus interest at the rate of 5% per annum "computed from April 1, 1955," and declared that it was entered by the court "pursuant to the circuit court commissioner's award heretofore filed in this cause." It provides plaintiff with execution for enforcement of such monetary judgment. No mention of a lien or other form of security was made in or provided by such decree.

Some months later plaintiff filed the instant bill, styling it one "in aid of execution against defendant David and his wife." By such bill plaintiff sought to impress a lien upon and against certain property of Mr. and Mrs. David to secure payment of the yet unpaid amount awarded him by the consent decree.

The issues presented by this second bill came to due hearing before Judge Coash. Following such hearing the judge delivered an opinion holding generally that the consent decree of November 5, 1956, concluded and adjudicated the respective rights of the parties with respect to such previously litigated

matters and that the "award took care of everything." The judge went on to find, as a matter of fact, that plaintiff had failed to prove that any of the funds of the original partnership had gone into the purchase or acquisition of property or assets Mr. and Mrs. David owned or possessed jointly, or property or assets owned individually by Mrs. David. He held on account of such ruling and findings that plaintiff's second bill should be dismissed.

A decree dismissing the second bill entered thereupon. From such decree plaintiff appeals and presents 3 questions. The first is whether plaintiff lost, by the consent decree, whatever right he might originally have asserted to an equitable lien securing payment of the amount so found due him. The second is whether plaintiff did in fact "fail to trace partnership moneys." The third question is phrased this way: "Must partnership moneys be traced to specific assets?"

The first of these questions was answered properly by Judge Coash and we find no occasion for additional discourse with respect thereto. The second question, one of fact manifestly, was decided against plaintiff. The chancellor's findings in such regard are abundantly supported by the proofs. The third question is, for the purposes of this case, answered affirmatively by *Fidelity & Deposit Company of Maryland* v. *Stordahl,* 353 Mich 354.

Affirmed. Costs to defendants.

Dethmers, C. J., and Carr, Kelly, Smith, Edwards, Voelker, and Kavanagh, JJ., concurred.